(128 App. Div. 66.)

PACIFIC COAST BORAX CO. v. WARING.

(Supreme Court, Appellate Division, Second Department.   October 9, 1908.)

1. SALES — ACTION FOR PRICE — JUDGMENT — SATISFACTION—EFFECT—TITLE TO
PROPERTY.
 A. contracted with B. for the printing of 1,100,000 folders, to be de-
livered on A.'s shipping orders.  A. refused to accept the work when com-
pleted, whereupon B. sued, pleading the contract, A.'s refusal to accept
the folders or furnish shipping orders, and his own readiness and willing-
ness to perform.  *Held*, that such action was an action for the contract
price of the folders, and not for damages for A.'s breach of contract, so
that satisfaction of a judgment recovered against A. for the amount de-
manded and costs transferred to it title to the folders.

2. TROVER AND CONVERSION—CONVERSION BY SELLER.
 Where, after breach of a buyer's contract, the seller recovered judg-
ment for the contract price, which the buyer satisfied, the seller's subse-
quent refusal to deliver the goods to the buyer on demand constituted a
conversion.

Appeal from Trial Term, Kings County.

Action by the Pacific Coast Borax Company against Vechten War-
ing.  From a judgment for plaintiff, and from a motion denying de-
fendant's motion for a new trial, he appeals.  Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Herbert H. Gibbs, for appellant.
Godfrey Goldmark, for respondent.

WOODWARD, J.  On the 23d day of July, 1906, the plaintiff in
this action entered into a contract in writing with the defendant for
the printing of 1,100,000 eight-page folders at the price of 44 cents
per 1,000.  These the defendant undertook to deliver upon the shipping
orders of the plaintiff.  The plaintiff refused to accept the work when
completed, alleging defects in the same, and the defendant in this ac-
tion brought an action in the Municipal Court of the City of New
York against the plaintiff here, in which action the defendant recover-
ed a judgment for $484, with costs, and this judgment the plaintiff
subsequently paid, and then demanded the delivery of the printed mat-
ter.  The defendant refused to deliver the folders, and this action was
brought to recover damages for the conversion of the same.  The
plaintiff has judgment for the value of the goods as fixed by the Mu-
nicipal Court judgment, and the defendant appeals from the judgment
and from the order denying a motion for a new trial.

The theory of the defendant, upon this appeal, is that the judgment
of the Municipal Court was founded upon an action for breach of
contract, rather than for the purchase price of the folders, and that
title never passed to the plaintiff in such manner as to give rise to a
cause of action for conversion.  This theory was presented at the
trial, but the learned court held, very properly, we believe, that the
Municipal Court judgment operated to confirm title in the plaintiff,
and that it was entitled to the delivery of the folders upon the payment
of the judgment.  While the defendant invokes a good deal of techni-

cal law in support of his theory, the obvious justice of the judgment now under consideration cannot be mistaken, and appellate courts are not estute in discovering means of overturning judgments thus circumstanced. While it is true that in some respects the pleadings in the Municipal Court would suggest that the action was one for breach of contract, we are clearly of opinion that when the facts are considered it must appear that the spirit of the action was one for the recovery of the purchase price of the folders. It is to be remembered that the folders were printed for the use of the plaintiff, a corporation, exploiting its goods. They were absolutely valueless for any other corporation or individual, for they were designed to advertise the goods of the plaintiff, and obviously they had no value except for that purpose, unless it might be for the trifling value as old paper.

The complaint in that action alleged the printing of the folders at the order of the defendant between the 23d day of July and the 25th day of September, 1906, and the failure of the defendant to furnish the shipping orders. It alleged that on the 25th day of September, 1906, the defendant refused to accept the folders or any part of the same; that it had failed, neglected, and refused to pay the plaintiff the said sum of 44 cents per 1,000; and that "plaintiff is now, and since July 23, 1906, has been, ready, willing, and able to perform all of the obligations mentioned in said order on his part to be performed, and has so notified the defendant." The complaint was verified in November, 1906, and the plaintiff alleged that he was now ready, willing, and able to perform all his obligations under the order for the printing, which included delivery of the folders, if requested, or if furnished with the shipping orders; and the demand for judgment was for $484, with interest thereon from the 25th day of September, 1906. It will be noticed that the plaintiff sued, not for unliquidated damages, but for the exact contract price of the folders, demanding interest upon the exact amount from the very day that he claims he was ready to deliver the folders. It seems to us that, in view of the fact that the folders were of no value to the plaintiff in that action, that he alleged his willingness and ability to perform his contract in November, and that his demand for judgment was as of a liquidated claim, he is hardly in a position to assert that that action was for a breach of contract, or that the satisfaction of the judgment did not operate to vest a complete property right in the folders in the plaintiff in this action. The Municipal Court certainly was justified in assuming that it was merely holding the defendant liable for the purchase price of the goods. All the relief the plaintiff asked for was the purchase price, after an averment that he was ready, willing, and able to perform now—at the very moment of bringing the matter to the bar of the court for adjudication.

If we are right in this view of the judgment of the Municipal Court, it follows that the judgment in the case at bar, holding the defendant liable for the conversion of the folders, is fully justified.

The judgment and order appealed from should be affirmed, with costs. All concur.